JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PEARL REYNOLDS

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FLITTER MILZ, P.C.
450 N. NARBERTH AVENUE, STE 101, NARBERTH, PA 19072
PHONE: (610) 822 - 0781

## DEFENDANTS

PEOPLES COMMERCE, INC. a/k/a and d/b/a

FIXCREDITPLUS.COM
County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681
Brief description of cause:
Violation of Fair Credit Reporting Act ("FCRA")

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  2/11/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PEARL REYNOLDS | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PEOPLES COMMERCE, INC. a/k/a and d/b/a | : | NO. |
| FIXCREDITPLUS.COM | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                           (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management
    by the court. (See reverse side of this form for a detailed explanation of special
    management cases)                                                                       (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 2/11/19 | _Andrew_ | Andrew M. Milz |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0781 | 610-667-0552 | |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5329 Euclid Street Philadelphia, PA 19131

Address of Defendant: _____ 1001 West Ridge Pike Conshohocken, PA  19428

Place of Accident, Incident or Transaction: _____ 5329 Euclid Street Philadelphia, PA 19131

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/11/19 _____   _____   207715
                                 *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ FCRA 15 U.S.C. § 1681

**B.** **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PEARL REYNOLDS
5329 Euclid Street
Philadelphia, PA 19131,

                 Plaintiff,

   vs.

PEOPLES COMMERCE, INC. a/k/a and d/b/a
FIXCREDITPLUS.COM
1001 West Ridge Pike
Conshohocken, PA  19428,

     and

EXPERIAN INFORMATION SOLUTIONS,
INC.
601 Experian Way
Allen, TX 75013,

             Defendants.

NO.

## **COMPLAINT**

## I.   **INTRODUCTION**

1.   This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2.   The FCRA requires data furnishers to provide accurate information to credit reporting agencies and to conduct a proper investigation of disputed information.  15 U.S.C. §1681s-2.

3.   The FCRA also requires credit reporting agencies to report accurate information and to conduct a proper reinvestigation of disputed information. 15 U.S.C. §1681e(b) and §1681i.

## II.   JURISDICTION

4.      Federal question jurisdiction arises under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1337.  Jurisdiction under the state law claim arises under 28 U.S.C. § 1367.

## III.   PARTIES

5.      Plaintiff Pearl Reynolds ("Pearl") is a consumer who resides in Philadelphia, Pennsylvania at the address captioned.

6.      Defendant Peoples Commerce, Inc. ("Peoples") is a Pennsylvania corporation with a mailing address as captioned.

7.      Peoples regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with consumer(s), 15 U.S.C. §1681s-2(b), and is a credit "furnisher" under the FCRA.

8.      Experian Information Solutions, Inc. ("Experian") is a foreign corporation which regularly does business in Pennsylvania and in this District with a service address as captioned.

9.      Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

10.     Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

## IV.   STATEMENT OF CLAIM

### *Peoples Fails to Abide its Agreement with Ms. Reynolds*

11.    In February 2013, Ms. Reynolds and Peoples entered into a written Settlement Agreement that required Peoples to delete any tradeline information associated with a particular disputed auto lease account that was the subject of a lawsuit brought by Reynolds.

2

12.     The Agreement lists "Plaintiff" as Reynolds (by her maiden name, Carter), and lists "Defendant" as Peoples.

13.     As part of the Agreement, Peoples was to terminate the subject vehicle lease with no balance due and owing from Plaintiff.

14.     The Agreement also provides:

> ¶3 . . . Defendants [Peoples] agree to request the removal of any tradeline or information furnished to any of the credit bureaus in connection with the vehicle lease transaction between the Parties as more specifically identified in the Lawsuit, including the DriveHere.com tradeline. Defendants agree not to verify or confirm the tradeline and/or credit inquiry should Plaintiff [Reynolds] lodge a dispute with any credit reporting agency, 15 U.S.C. § 1681s-2. If necessary, Defendants will provide written verification that the vehicle lease transaction between Plaintiff and Defendants has been terminated with no balance due and owing.

15.     The parties executed the written agreement on or around February 25, 2013.

16.     Pursuant to the parties Settlement Agreement, the lawsuit was dismissed on February 26, 2013.

17.     Peoples paid their monetary consideration of $17,500.00 set forth in the Settlement Agreement in full on or around March 20, 2013.

18.     To this date, nearly six years after the Agreement was final, Peoples has yet to delete all its negative credit reporting from Plaintiff's Experian consumer report.

19.     Plaintiff's Experian report reflects a "Peoples Commerce, Inc." tradeline listing a "Recent balance" of $2,854 and a "Status" as "Repossession."

20.     This damaging information is inaccurate.

***Defendants Fail to Investigate Reynolds' Numerous Disputes***

21.     Ms. Reynolds sent written dispute letters to Experian specifically requesting that the credit bureau notify Peoples that its tradeline was being disputed and that an investigation must result in the tradeline being deleted.

22.     Included in Reynolds' disputes was a copy of the settlement agreement between Reynolds and Peoples reflecting that Peoples must delete any negative credit reporting.

23.     Upon information and belief each of Reynolds' disputes was transmitted by Experian via Automated Consumer Dispute Verification (or ACDV) to Peoples.

24.     Despite Reynolds' disputes, the negative information remains on her consumer reports today.

25.     Peoples and Experian failed to conduct a reasonable investigation of Reynolds' disputes.

***Governing Law***

26.     Plaintiff has written repeatedly to Experian to dispute her reporting of Peoples' false and inaccurate credit information, requesting a reinvestigation, and requesting that the inaccurate reporting be deleted.

27.     Under the FCRA, the Credit Bureaus are required to report accurate information and to conduct a reasonable investigation of disputed information. 15 U.S.C. §1681e(b) and §1681i.

28.     Both TransUnion and Equifax have removed the false and inaccurate credit information, but Experian has not.

29.     Experian failed to conduct a reasonable and adequate investigation into Plaintiff's disputed credit reporting and continued to report false and inaccurate information to any potential credit grantor who accessed Plaintiff's credit report.

4

30.     Experian has willfully and/or negligently failed and refused to conduct a reasonable investigation and remove the inaccurate credit information pertaining to the Peoples account.

31.     Pursuant to 15 U.S.C. § 1681s-2(b), a furnisher of information, such as Peoples, has a duty upon notice of dispute to conduct an investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.  The investigation must be done reasonably and adequately.

32.     Peoples is still reporting false and inaccurate information on the Account, despite clearly agreeing to delete it.

33.     Peoples has also failed to communicate to the credit bureau that the debt is disputed. 73 P.S. 2270.4(5)(viii).

34.     At all times relevant hereto Peoples knew or should have known that it was reporting false and derogatory information about Plaintiff in connection with the Account.

35.     Peoples has willfully and/or negligently failed and refused to remove the inaccurate credit reporting information.

36.     Peoples has willfully and/or negligently failed and refused to conduct a reasonable investigation of Reynolds' disputes.

### *Defendants' Actions and Inactions Harmed Reynolds*

37.     As a result of each Defendant's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

38.     As a result of the false and derogatory information reported by each Defendant, Plaintiff has been damaged.

39.     Plaintiff has suffered mental anguish, emotional distress, worry, humiliation, and embarrassment as a result of Defendants' actions.

40.     Plaintiff has suffered pecuniary loss, been denied credit, and expended significant time and effort trying to address the inaccurate information on her credit reports.

41.     Plaintiff's attempts to have the Defendants honor their clear and proper disputes have gone unfulfilled, and her only remedy is to pursue formal legal action to enforce compliance in this Court.

## COUNT I - FAIR CREDIT REPORTING ACT
## (PEARL REYNOLDS v. PEOPLES)

42.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

43.     Peoples has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate Plaintiff Pearl Reynolds' disputes and by failing to correctly report results of an accurate investigation to each of the Credit Bureaus.

44.     Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently failing to conduct a reasonable investigation of the consumer's dispute and by reporting false credit information about Plaintiff after being put on proper notice of the inaccuracy.

**WHEREFORE**, Plaintiff, Pearl Reynolds demands judgment against Defendant Peoples Commerce, Inc. for:

(a)     Actual and compensatory Damages;

(b)     Punitive damages;

(c)     Attorney's fees and costs; and

(d)     Such other and further relief as the Court shall deem just and proper.

## COUNT II - FAIR CREDIT REPORTING ACT
### (PEARL REYNOLDS v. EXPERIAN)

45.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

46.    Experian willfully and/or negligently violated the provisions of the FCRA in the following respects:

    (a)    by failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    (b)    by failing to conduct a reasonable investigation or reinvestigation of Plaintiff's disputes;

    (c)    By willfully and/or negligently failing to comport with FCRA sections 1681i and 1681e(b).

**WHEREFORE**, Plaintiff, Pearl Reynolds demands judgment against Defendant Experian for:

    (a)    Actual and compensatory Damages;

    (b)    Punitive damages;

    (c)    Attorney's fees and costs; and

    (d)    Such other and further relief as the Court shall deem just and proper

## COUNT III - FAIR CREDIT EXTENSION UNIFORMITY ACT
### (PEARL REYNOLDS v. PEOPLES)

47.    Plaintiff repeats the allegations contained above as if the same were here set forth at length.

7

48.     The FCEUA prohibits a creditor like Peoples from: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed." 73 P.S. § 2270.4(5)(viii).

49.     The unfair or deceptive acts or practices by Peoples Commerce, Inc. described above violate the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.4.

50.     As a direct and proximate result of Defendant Peoples' conduct, plaintiff has suffered credit harm, credit denial, and other ascertainable losses of money or property.

**WHEREFORE**, Plaintiff, Pearl Reynolds demands judgment against Defendant Peoples Commerce, Inc. for:

(a)     Actual and compensatory Damages;

(b)     Treble damages;

(c)     Attorney's fees and costs; and

(d)     Such other and further relief as the Court shall deem just and proper

## V.     DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury as to all issues so triable.

Respectfully submitted:

Date: February 11 , 2019

CARY L. FLITTER
ANDREW M. MILZ
JODY T. LOPEZ-JACOBS
Attorneys for Plaintiff

**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0781