IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEARL REYNOLDS<br>    *Plaintiff*<br>VS.<br><br>PEOPLES COMMERCE, INC. a/k/a and d/b/a<br>FIXCREDITPPLUS.COM, et al and<br>EXPERIAN INFORMATION SERVICES, INC.<br>    *Defendants* | Case No.2:19-cv-00636-BMS |

## ANSWER OF DEFENDANTS, PEOPLES COMMERCE, INC., a/k/a and d/b/a FIXCREDITPLUS.COM WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS CLAIM AGAINST EXPERIAN INFORMATION SERVICES, INC.

Defendants, Peoples Commerce, Inc., a/k/a and d/b/a Fixcreditplus.com, by and through their attorneys, Gerson, Capek & Voron, hereby answers the Plaintiff's Complaint as follows:

### I. INTRODUCTION

1. Admitted.

2. Denied as a conclusion of law.

3. Denied as a conclusion of law.

### II. JURISDICTION

4. Denied as a conclusion of law.

### III. PARTIES

5. Admitted.

6. Admitted.

7. Denied as a conclusion of law.

8. Denied as this paragraphs refers to a party other than Answering Defendant.

9. Denied as this paragraphs refers to a party other than Answering Defendant.

10. Denied as this paragraphs refers to a party other than Answering Defendant.

## IV. STATEMENT OF CLAIM

11. Denied. To the contrary, Peoples Commerce agreed to "request the removal of any tradeline or information furnished to any of the credit bureaus in connection with the vehicle lease transaction."

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied. By way of further Answer, Peoples Commerce does not have the authroity to delete credit reporting; only the credit bureaus can do that. However, Peoples did, as agreed, request the removal of the tradeline or other information furnished to any credit bureaus. Furthermore, when Plaintiff previously notified Peoples Commerce, in September 2014, that Trans Union was still reporting the vehicle as a repossession with a balance owed, Peoples Commerce once again requested that such information be deleted.

19. Denied. Defendant does not have information sufficient to answer this allegation. By way of further Answer, Peoples Commerce does not believe it reported to Experian at the time of the lease.

20. Denied. Defendant does not have information sufficient to answer this allegation.

21. Denied. Defendant does not have information sufficient to answer this allegation.

22. Denied. Defendant does not have information sufficient to answer this allegation.

23. Denied.

24. Denied. Defendant does not have information sufficient to answer this allegation.

25. Denied.

26. Denied. Defendant does not have information sufficient to answer this allegation.

27. Denied as a conclusion of law.

28. Denied. Defendant does not have information sufficient to answer this allegation. However, Peoples Commerce was did believe that both TransUnion and Equifax removed the credit information.

29. Denied as this paragraphs refers to a party other than Answering Defendant.

30. Denied as this paragraphs refers to a party other than Answering Defendant.

31. Denied as a conclusion of law.

32. Denied.

33. Denied. To the contrary, as soon as Peoples Commerce was made aware of this report (as a result of receiving the lawsuit), it immediately contacted Experian to attempt to correct it.

34. Denied.

35. Denied. To the contrary, as soon as Peoples Commerce was made aware of this report (as a result of receiving the lawsuit), it immediately contacted Experian to attempt to correct it.

36. Denied. To the contrary, as soon as Peoples Commerce was made aware of this report (as a result of receiving the lawsuit), it immediately contacted Experian to attempt to correct

it. Furthermore, when Plaintiff previously notified Peoples Commerce, in September 2014, that Trans Union was still reporting the vehicle as a repossession with a balance owed, Peoples Commerce once again requested that such information be deleted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied. To the contrary, Plaintiff did not request that Peoples Commerce assist in removing the credit report from Experian prior to filing this lawsuit.

### COUNT I - FAIR CREDIT REPORTING ACT
### PEARL REYNOLDS v. PEOPLES COMMERCE

42. Peoples Commerce repeats its Answers a set forth above, as though fully set forth at length herein.

43. Denied as a conclusion of law.

44. Denied. To the contrary, Peoples Commerce was not put on notice of any inaccuracy reported to Experian prior to the lawsuit.

WHEREFORE, Defendant, Peoples Commerce, demands judgment in its favor.

### COUNT II - FAIR CREDIT REPORTING ACT
### PEARL REYNOLDS v. EXPERIAN

45-46. Denied as this Count refers to a party other than Answering Defendant.

### COUNT III - FAIR CREDIT EXTENSION UNIFORMITY ACT
### PEARL REYNOLDS v. PEOPLES COMMERCE

47. Peoples Commerce repeats its Answers a set forth above, as though fully set forth at length herein.

48. Denied as a conclusion of law.

49.  Denied as a conclusion of law.

50.  Denied.

WHEREFORE, Defendant, Peoples Commerce, demands judgment in its favor.

V.  DEMAND FOR JURY TRIAL

Denied. There is no right to a jury trial under the Pennsylvania Unfair Trade Practices Act.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has not suffered actual harm or damages as a result of any action of Defendant.

### Third Affirmative Defense

Plaintiff has failed to mitigate damages, if any.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Doctrine of Laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the Statute of Limitations.

### Seventh Affirmative Defense

Plaintiff's claims are barred by immunity and justification.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the Release and Settlement Agreement.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the Statute of Frauds.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the terms of the applicable agreements and documents between the parties.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by contributory negligence.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver, estoppel or consent.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of truth and waiver.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the bona fide error rule.

## COUNTERCLAIM
## PEOPLE'S COMMERCE, INC., a/k/a and d/b/a FIXCREDITPLUS v. REYNOLDS
## BREACH OF CONTRACT

1. Defendant hereby incorporates its Answer and Affirmative Defenses above, as if fully set forth at length herein.

2. People's Commerce and Reynolds entered into a Release and Settlement Agreement on or about February 25, 2013.

3. At that time, Plaintiff agreed to release Defendant in connection with any and all claims arising out of or related to the underlaying vehicle lease transaction.

4. Defendant agreed to "request the removal of any tradeline or information furnished to any of the credit bureaus in connection with the vehicle lease transaction..." and "not to verify

or confirm the tradeline and/or credit inquiry should Plaintiff lodge a dispute with any credit reporting agency..."

5. Defendant also agreed to provide written verification that he lease was terminated with a zero balance, if required.

6. Plaintiff breached the Settlement Agreement by filing suit against Defendant, despite the release, and by not providing Defendant an opportunity to request the removal of any tradeline or information furnished to Experian.

WHEREFORE, Defendant, Peoples Commerce, Inc., a/k/a and d/b/a/ Fixcreditplus.com, respectfully requests demands judgment in its favor.

## CROSS CLAIM
## PEOPLES COMMERCE INC., a/k/a and d/b/a FIXCREDITPLUS v. EXPERIAN

1. Defendant hereby incorporates its Answer, Affirmative Defenses and Counterclaim above, as if fully set forth at length herein.

2. If any wrongdoing occurred, Defendant, Peoples Commerce, seeks indemnity from Experian, who was responsible for publishing Plaintiff's credit history, for any such wrongdoing.

WHEREFORE, Defendant, Peoples Commerce, prays for judgement in its favor.

GERSON, CAPEK & VORON

By: _____
NICOLE GERSON, ESQUIRE
IDENTIFICATION NO. 76186
Attorneys for Defendant,
Peoples Commerce, Inc., a/k/a and d/b/a
Fixcreditplus.com

GERSON, CAPEK & VORON
1420 Walnut Street
Suite 300
Philadelphia, PA 19102
(215)985-0700

Dated: April 2, 2019