**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PEARL REYNOLDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLES COMMERCE, INC. d/b/a FIXCREDITPLUS.COM; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 2:19-cv-00636-BMS |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and in answer to the Complaint of Plaintiff Pearl Reynolds ("Plaintiff"), states as follows:

**I.      INTRODUCTION**

1.      In response to Paragraph 1 of the Complaint, Experian states that, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies, generally and specifically, each and every allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 1.

2.      In response to Paragraph 2 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

3.      In response to Paragraph 3 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

**II.     JURISDICTION**

4. In response to Paragraph 4 of the Complaint, Experian states that Plaintiff has alleged jurisdiction under 15 U.S.C. 1681p *et seq.*, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

**III.    PARTIES**

5. In response to Paragraph 5 of the Complaint, Experian admits, upon information and belief, that Plaintiff is an adult residing in Philadelphia, Pennsylvania.

6. In response to Paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, Experian affirmatively states that that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. As to the remaining allegations in Paragraph 8, Experian states that the phrases "regularly does business" and "service address" are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Experian admits that, as a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), it issues "consumer reports" as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 10.

## IV. STATEMENT OF CLAIM

### *Peoples [Allegedly] Fails to Abide its Agreement with Ms. Reynolds*

11-18. In response to Paragraphs 11-18 of the Complaint directed to defendant Peoples Commerce, Inc., Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11-18, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Experian affirmatively states that the allegations of Paragraph 19 are vague, and therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Experian affirmatively states that the allegations of Paragraph 20 are vague, and therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### *Defendants [Allegedly] Fail to Investigate Reynolds' Numerous Disputes*

21. In response to Paragraph 21 of the Complaint, Experian affirmatively states that it received mail correspondence from Plaintiff regarding the Peoples Commerce tradeline on June 11, 2018, and on August 30, 2018.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Experian affirmatively states that Plaintiff's correspondence received on August 30, 2018 included a copy of a purported "Release and Settlement Agreement" between Plaintiff Pearl Carter and Defendants Drivehere.com, Inc., Peoples Commerce, Inc., and FixCreditPlus.com.  This purported agreement was heavily redacted, and was not executed by any of the three Defendants.  Experian further states that the mail correspondence received from Plaintiff on June 11, 2018 did not contain a copy of any form of settlement agreement.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Experian affirmatively states that it transmitted an Automated Consumer Dispute Verification ("ACDV") to Peoples Commerce, Inc. on June 15, 2018, and again on September 4, 2018, and attaching a copy of Plaintiff's mail correspondence received on June 11, 2018, and August 30, 2018, respectively.  Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Experian affirmatively states that the allegations of Paragraph 24 are vague, and therefore Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

### *Governing Law*

26. In response to Paragraph 26 of the Complaint, Experian affirmatively states that it received mail correspondence from Plaintiff twice regarding the Peoples Commerce tradeline on

June 11, 2018, and on August 30, 2018. Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 26.

27. In response to Paragraph 27 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

28. In response to Paragraph 28 of the Complaint, with regard to the allegations directed to parties other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies, generally and specifically, each and every allegation contained therein. With regard to the allegations directed to Experian, Experian further states that these allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission. Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission. Experian denies, generally and specifically, each and every remaining allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission.

32. In response to Paragraph 32 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, denies generally and specifically, each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, on that basis, denies generally and specifically, each and every allegation contained therein. Experian further states that the remaining allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to Paragraph 34 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, on that basis, denies generally and specifically, each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies generally and specifically, each and every allegation contained therein.

36. In response to Paragraph 36 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies generally and specifically, each and every allegation contained therein.

***Defendants' Actions and Inactions [Allegedly] Harmed Reynolds***

37. In response to Paragraph 37 of the Complaint, Experian states that this allegation is a legal conclusion which is not subject to denial or admission. To the extent that Paragraph 37 contains allegations that are not legal conclusions, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, on that basis, denies generally and

specifically, each and every allegation contained therein.  Experian further states that the remaining allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to Paragraph 38 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, denies generally and specifically, each and every allegation contained therein.  Experian further states that the remaining allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to Paragraph 39 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, denies generally and specifically, each and every allegation contained therein.  Experian further states that the remaining allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, Experian states that these allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, with regard to allegations directed to entities other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies generally and specifically, each and every allegation contained therein.  Experian further states

that the remaining allegations are vague and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT I – FAIR CREDIT REPORTING ACT
### (PEARL REYNOLDS v. PEOPLES)

42-44.  In response to Paragraphs 42-44 of the Complaint directed to defendant Peoples Commerce, Inc., Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42-44 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT II – FAIR CREDIT REPORTING ACT
### (PEARL REYNOLDS v. EXPERIAN)

45. In response to Paragraph 45 of the Complaint, Experian repeats the answers contained above as if the same were here set forth at length.

46. In response to Paragraph 46 of the Complaint and each subpart (a), (b), and (c) thereto, Experian states that these allegations are legal conclusions which are not subject to denial or admission.  To the extent that Paragraph 46 and its subparts contain allegations that are not legal conclusions, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 46 and subparts (a), (b), and (c) of the Complaint.

**WHEREFORE** Defendant Experian demands judgment in its favor.

### COUNT III – FAIR CREDIT EXTENSION UNIFORMITY ACT
### (PEARL REYNOLDS v. PEOPLES)

47-50.  In response to Paragraphs 47-50 of the Complaint directed to defendant Peoples Commerce, Inc., Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 47-50 and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## V. DEMAND FOR JURY TRIAL

In response to the unnumbered demand for jury trial on Page 8 of the Complaint, Experian admits that Plaintiff has requested a trial by jury as to all issues so triable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All of Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff is the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

### ELEVENTH AFFIRMATIVE DEFENSE

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims, if any, are preempted by the Fair Credit Reporting Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in the case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: April 5, 2019

Respectfully submitted,

*/s/ Mohammad A. Ghiasuddin*
Mohammad A. Ghiasuddin, Esq.
Margolis Edelstein
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 19106
Tel: (215) 931-5802
Fax: (215) 922-1772
MGhiasuddin@margolisedelstein.com

Steven W. Magnusson (Admitted *pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3625
SMagnusson@jonesday.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Mohammad A. Ghiasuddin*
***Counsel for Defendant***
***Experian Information Solutions, Inc.***